**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-3151-WJM-KLM

EDWARD ALLEN, also known as Edward A. Clutts,

      Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
WARDEN OF CTCF, and
CRAIN, Sergeant,

      Defendants.

---

**ORDER ADOPTING AS MODIFIED OCTOBER 4, 2022, RECOMMENDATION OF
MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART
REQUEST TO AMEND PRISONER COMPLAINT**

---

This matter is before the Court on the October 4, 2022, Recommendation of

United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 30) that

the Court grant the Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure ("Motion to Dismiss") (ECF No. 19) filed by Defendants

Dean Williams, Executive Director of the Colorado Department of Corrections

("CDOC"), Eddie Caley, Warden of the Colorado Territorial Correctional Facility

("CTCF"), and Sergeant Amanda Crane.[1]  (ECF No. 30 at 20.)  Specifically, Judge Mix

recommended Plaintiff's personal capacity claim against Caley be dismissed with

prejudice and all other claims be dismissed without prejudice.

On October 24, 2022, Plaintiff filed an Objection to the Recommendation.  (ECF

No. 31.)  On the same day—and in response to the Recommendation—Plaintiff filed his

---

[1] Defendant Crain's name is correctly spelled "Crane."  (ECF No. 19 at 1 n.1.)

Request to Amend Prisoner Complaint ("Motion to Amend"), attaching an amended

complaint ("Proposed Amended Complaint").  (ECF Nos. 32, 32-1.)  Defendants initially

responded to the Objection and Motion to Amend in a single filing on November 7,

2022, but later filed a separate response to the Motion to Amend.  (ECF Nos. 33, 37.)

The Recommendation is incorporated herein by reference.  *See* 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules the Objection, adopts the

Recommendation as modified, and grants in part and denies in part the Motion to

Amend.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by

reference the factual history contained in the Recommendation, which relies on the

facts alleged in Plaintiff's Complaint (ECF No. 1).  (ECF No. 30 at 2–5.)  The Court

reiterates only those facts necessary to rule on the Objection.

Plaintiff alleges Caley and Crane intentionally infected him with COVID-19.  (ECF

No. 30 at 13.)  He alleges they accomplished this by moving him to a cell that had

recently been occupied by another inmate who had been previously exposed.  (*Id.* at 2–

3.)  After being moved to this cell, Plaintiff alleges he contracted COVID-19 either from

his new cellmate or from the cell itself.  (*Id.*)  He notes that at least 80% of the CTCF

population has contracted COVID-19.  (*Id.* at 16.)  According to Plaintiff, this was done

to defraud the federal government of CARES Act funding by spending substantially less

on inmate medical care than funds received.[2]  (*Id.*)

---

[2] Plaintiff objects to the Recommendation's characterization of his allegations as a
fraudulent scheme because he "only stated facts."  (ECF No. 31.)  After reviewing Plaintiff's

## II. THE RECOMMENDATION

On October 4, 2022, Judge Mix issued her Recommendation that the Motion to Dismiss be granted.  (ECF No. 30 at 20.)  Specifically, she recommended Plaintiff's: (1) official capacity claims be dismissed without prejudice on Eleventh Amendment grounds to the extent they seek damages; (2) official capacity claim for an injunction for resumed treatment be dismissed without prejudice as moot; (3) official capacity claim for a single-cell restriction be dismissed without prejudice for failure to state a claim; (4) individual capacity claim against Crane be dismissed without prejudice on qualified immunity grounds; and (5) individual capacity claim against Caley be dismissed with prejudice on qualified immunity grounds.  (*See generally id.*)

## III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057,

---

allegations that "[t]here [was] a monetary gain [from] purposely infect[ing] the Plaintiff" and that "defendants look guilty of misappropriation of [f]ederal funds," the Court finds Judge Mix's characterization of Plaintiff's allegations to be fair and accurate.  (ECF No. 1 at 5; ECF No. 21 at 2.)

1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### IV. PLAINTIFF'S OBJECTION[3]

For the most part, the Objection merely quibbles with the Recommendation's characterizations of the allegations in his Complaint and briefing in opposition to the Motion to Dismiss.  (ECF No. 31 at 1–2.)  Plaintiff suggests a case cited by Judge Mix in a footnote shows dismissal is inappropriate even though, like the plaintiff in that case, he has not shown (or even alleged) Defendants were aware of the conditions he alleges led to his contraction of COVID-19.  (*Id.* at 1.)  He objects to the description of Defendants' alleged conduct as a "scheme to defraud the government of CARES Act funding," despite it being a fair characterization of the allegations in the Complaint.  (*Id.*)  And he objects to the Recommendation's acknowledgment that containing the spread of COVID-19 was a logistical impossibility in prisons throughout Colorado and the United States because he "was not in other prisons or in the rest of the country."  (*Id.*)

These objections are not specific enough to allow the Court to focus on the claimed factual or legal errors in the Recommendation.  Therefore, because the Court is satisfied that the Recommendation did not clearly err, these objections are overruled.  *See 2121 East 30th St.*, 73 F.3d at 1059.

---

[3] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, the Court cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Plaintiff also objects that the Recommendation notes Judge Mix cannot consider facts first alleged in the response to the Motion to Dismiss.  (*Id.* (citing ECF No. 30 at 18 n.10.).)  Plaintiff emphasizes that he is "*pro se* and uneducated" and states he "is willing to amend the [C]omplaint."  (*Id.*)  Because the Court grants in part and denies in part Plaintiff's Motion to Amend in this Order, this objection is moot.

Finally, Plaintiff objects that dismissal of "any part" of his Complaint "be dismissed with prejudice is far too harsh of a remedy when the Amended Complaint is already filed."  (*Id.* at 2.)  The Court addresses this argument along with the Motion to Amend.

### V. MOTION TO AMEND

Plaintiff filed the Proposed Amended Complaint on the same day as the Objection.  Defendants object only to the Proposed Amended Complaint's reassertion of the personal capacity claim against Caley, which Judge Mix recommended dismissing with prejudice.  (ECF No. 33 at 2; ECF No. 37 at 3–4.)  Defendants argue that because Plaintiff's Objection failed to substantively object to the Recommendation, any such objections are waived.  (ECF No. 33 at 2; ECF No. 37 at 3–4.)  Therefore, Defendants argue Plaintiff should not be permitted to reallege that claim.  (ECF No. 33 at 2; ECF No. 37 at 3–4.)  Otherwise, Defendants consent to Plaintiff amending his Complaint. (ECF No. 33 at 2; ECF No. 37 at 3–4.)

The Court agrees with Defendants that Plaintiff failed to specifically object to Judge Mix's recommendation to dismiss the personal capacity claim against Caley with prejudice.   Moreover, upon review of the Recommendation, the Court is satisfied that Judge Mix did not clearly err in recommending dismissal with prejudice.  *See 2121 East*

*30th St.*, 73 F.3d at 1059.  As such, he may **not** reallege this claim.  Therefore, the Motion to Amend is granted in part and denied in part, and the Proposed Amended Complaint is stricken.

## VI. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Magistrate Judge's Recommendation (ECF No. 30) is ADOPTED AS MODIFIED;

2.    Plaintiff's Objection (ECF No. 31) is OVERRULED;

3.    Defendants' Motion to Dismiss (ECF No. 19) is GRANTED as set forth in the Recommendation;

4.    Plaintiff's Proposed Amended Complaint (ECF No. 32-1) is STRICKEN;

5.    Plaintiff's Request to Amend Prisoner Complaint (ECF No. 32) is GRANTED IN PART and DENIED IN PART as set forth above; and

6.    Plaintiff is granted leave to file an amended complaint that <u>does not reallege the personal capacity claim against Defendant Caley</u> by **June 9, 2023**.

Dated this 9th day of May, 2023.

BY THE COURT:

William J. Martinez
Senior United States District Judge