**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-3151-WJM-KLM

EDWARD ALLEN,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF CDOC,
WARDEN OF CTCF, and
AMANDA CRANE, Lieutenant,

    Defendants.

---

**ORDER ADOPTING FEBRUARY 14, 2024, RECOMMENDATION
OF MAGISTRATE JUDGE AND GRANTING MOTION TO DISMISS**

---

This matter is before the Court on the February 14, 2024, Recommendation of United States Magistrate Judge Kathryn A. Starnella ("Recommendation") (ECF No. 51) that the Court grant the Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Amended Complaint ("Motion") (ECF No. 45) filed by Defendants Andre Stancil,[1] Executive Director of the Colorado Department of Corrections ("CDOC"), Eddie Caley, Warden of the Colorado Territorial Correctional Facility ("CTCF"), and Lieutenant Amanda Crane[2] (together, "Defendants"). (ECF No. 51 at 14.) Specifically, Judge Starnella recommends Plaintiff Edward Allen's ("Plaintiff") claim against Stancil and Caley be dismissed without prejudice for lack of subject-matter jurisdiction, and that his claim

---

[1] Defendant Stancil is substituted for former Defendant Dean Williams, former Director of the Colorado Department of Corrections.

[2] Though the Motion still refers to Crane as "Sergeant," for the purpose of this Order, the Court accepts as true the allegation that she has been promoted to Lieutenant contained in the Amended Prisoner Complaint. (ECF No. 41 ¶ 11.)

against Crane be dismissed with prejudice for failure to state a claim upon which relief can be granted. (ECF No. 51 at 8–9, 13.)

On February 29, 2024, Plaintiff filed an Objection to the Recommendation of United States Magistrate ("Objection"). (ECF No. 52.) And on March 14, 2024, Defendants filed a Response to Plaintiff's Objection to Recommendation of United States Magistrate Judge ("Response"). (ECF No. 53.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules the Objection and adopts the Recommendation in its entirety.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the Amended Prisoner Complaint (ECF No. 41). (ECF No. 51 at 2–5.)

## II. THE RECOMMENDATION

The Recommendation first addresses Plaintiff's official-capacity claim against Stancil and Caley, in which "Plaintiff asserts a single Eighth Amendment claim stating that they accepted policy allowing their subordinates to force COVID-19 on prisoners and rewarded those subordinates for doing so." (ECF No. 51 at 7 (citing ECF No. 41 ¶¶ 10–12).) Judge Starnella, for the purpose of the Recommendation, assumes Plaintiff had standing to bring this claim when he first filed this action on November 22, 2021; however, she concludes this claim is now moot. (ECF No. at 8.) To reach this conclusion, she observes that Plaintiff seeks only prospective relief—namely, "an order requiring Plaintiff to be 'placed in safe housing for the duration of his incarceration.'" (*Id.*

2

at 7–8.)

Judge Starnella explains that under Tenth Circuit law, "[t]o obtain prospective relief, 'the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.'" (*Id.* at 8 (quoting *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004)).) She then further observes that Plaintiff does not allege in the Amended Prisoner Complaint that he was or is likely to contract COVID-19 again "due to an ongoing outbreak at CTFC or other CDOC facilities or that infection rates outside CDOC facilities are increasing or at levels such that infection inside the facilities is likely." (*Id.* at 8–9.) In other words, there is no alleged fact that would permit a reasonable inference that Plaintiff is suffering a "continuing injury" or under a "real and immediate threat" of future harm. (*See id.* (quoting *Tandy*, 380 F.3d at 1283).) Therefore, Judge Starnella concludes Plaintiff's official-capacity claim against Stancil and Caley is moot, and this Court lacks subject-matter jurisdiction over it. (*Id.* at 9.) Accordingly, she recommends dismissing that claim without prejudice. (*Id.* at 9–10.)

Judge Starnella next considers Plaintiff's personal-capacity claim against Crane, in which he sues Crane "under the Eighth Amendment for intentionally exposing Plaintiff to COVID-19 and for his pain and suffering caused by the disease." (*Id.* at 10 (citing ECF No. 41 ¶¶ 4–5).) Crane asserts qualified immunity. (*Id.*) Judge Starnella approaches this assertion by analyzing whether the allegations in the Amended Prisoner Complaint, considered as true and in the light most favorable to Plaintiff, make out an Eighth Amendment violation. (*Id.* at 11.) First, she explains that the test for such a claim "is both objective and subjective, in that a detainee must establish that: (1) he was deprived of a medical need that is, objectively, 'sufficiently serious,' and (2) that the

3

defendant subjectively knew of and disregarded 'an excessive risk to [the detainee's] health or safety.'" (*Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)) (alteration in original).)  Then, assuming for the purpose of the Recommendation that the objective prong is satisfied, she concludes that the Amended Prisoner Complaint "fails to allege specific facts" satisfying the subjective prong's requirement that Crane "was aware of a specific and substantial risk of harm, and deliberately failed to act with a sufficiently culpable state of mind." (*Id.* at 12 (citing *Farmer*, 511 U.S. at 834–35).) Accordingly, she recommends dismissing Plaintiff's personal-capacity claim against Crane for failure to state a claim. (*Id.* at 13.)

Judge Starnella further recommends that dismissal be with prejudice as to this claim because further amendment would be futile. (*Id.* at 13–14.) This further recommendation is based on two facts: (1) Plaintiff has previously attempted to plead this claim unsuccessfully; and (2) Plaintiff failed to correct the inadequate pleading despite approximately eight months to consider the deficiencies in his claim that were identified in a previous recommendation by former United States Magistrate Judge Kristen L. Mix (ECF No. 30) and a previous Order by the undersigned (ECF No. 39). (ECF No. 51 at 13–14.)

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165,

4

1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## IV. PLAINTIFF'S OBJECTION[3]

Plaintiff's Objection is straightforward, identifying two perceived faults in the Recommendation: one as to each claim. (*See generally* ECF No. 52.) The Court addresses these objections in turn.

Plaintiff objects to the Recommendation's conclusion that his official-capacity claim against Stancil and Caley is moot on the basis of that the Recommendation "assumes that the policy of allowing subordinates to force COVID-19 on inmates[] and rew[a]rding those who do no longer exist[s]." (*Id.* at 1.) Because the end of such a policy is not "in evidence" or anywhere claimed by Defendants in the Motion, Plaintiff objects to Judge Starnella's conclusion that his claim is moot. (*Id.*) This objection is meritless and misapprehends the Recommendation's reasoning. As Judge Starnella

---

[3] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

5

explains, because Plaintiff seeks *prospective* relief, it is incumbent upon him to allege facts that would permit an inference that he is suffering a continuing injury rather than merely one in the past or is at risk of a real and immediate future injury.  Having reviewed the Amended Prisoner Complaint itself, the Court agrees with Judge Starnella that it contains no such allegations.  Instead, every allegation pertaining to the harm Plaintiff has suffered is in the past.  (*See generally* ECF No. 41.)

Plaintiff also objects to the Recommendation's conclusion that Crane is entitled to qualified immunity, arguing the Amended Prisoner Complaint contains sufficient allegations regarding Crane's mental state.  After its independent review, the Court can find only three allegations potentially implicating Crane's mental state: (1) that Crane was the person who ordered Plaintiff to begin bunking with a cellmate previously exposed to COVID-19 without "order[ing] the cell sprayed with bleach or the exposed cellmate quarantined" (*id.* ¶ 4); (2) that "[f]ederal money became involved[,] and the defendant Crane stopped following CDC guidelines by not placing exposed inmates in quarantine for two weeks" (*id.* ¶ 8); and (3) "the defendant Crane was deliberately indifferent to Allen's health and safety and deliberately infected Allen with COVID-19" (*id.*).

The last of these allegations is plainly conclusory and, therefore, properly ignored.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  As for the first and second allegations, the Court agrees with Judge Starnella's assessment that they "at most[] point toward[] conduct more akin to negligence than to the recklessness, deliberate indifference standard."  (ECF No. 51 at 13.)  Finally—though Plaintiff does not specifically object to dismissal with prejudice (ECF No. 52 at 2)—the Court agrees

6

with Judge Starnella that further amendment would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 51) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 52) is OVERRULED;

3. Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Amended Complaint (ECF No. 45)) is GRANTED;

4. The official-capacity claim against Stancil and Caley is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction, and the personal capacity claim against Crane is DISMISSED WITH PREJUDICE for failure to state a claim;

5. Plaintiff's Request for Disposition (ECF No. 50) is GRANTED; and

6. The Clerk of Court shall enter a judgment in favor of Crane and against Plaintiff and appropriate as to Stancil and Caley in light of the Court's Order, and terminate this action;

7. The parties shall bear their own costs and fees.

Dated this 18th day of June, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge